1

1          UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF MISSOURI
2               EASTERN DIVISION

3

4    UNITED STATES OF AMERICA,    )
                                  )
5         Plaintiff,              )
                                  )
6         v.                      )No. 4:13-CR-00360 HEA
                                  )
7    RODNEY FRANKS,               )
                                  )
8         Defendant.              )

9

10                    PLEA HEARING

11        BEFORE THE HONORABLE HENRY E. AUTREY
              UNITED STATES DISTRICT JUDGE

12

13               DECEMBER 11, 2013

14

15   APPEARANCES:

16   For Plaintiff:      Patrick T. Judge, Sr., Esq.
                         OFFICE OF U.S. ATTORNEY
17                       111 South Tenth Street, 20th Floor
                         St. Louis, MO  63102

18

19   For Defendant:      Peter M. Cohen, Esq.
                         2734 Lafayette
                         St. Louis, MO  63104

20

21   REPORTED BY:        ANGELA K. DALEY, CSR, RMR, FCRR, CRR
                         Official Court Reporter
                         United States District Court
22                       111 South Tenth Street, Third Floor
                         St. Louis, MO  63102
23                       (314) 244-7978

24

25      PRODUCED BY COURT REPORTER COMPUTER-AIDED TRANSCRIPTION

1        **(PROCEEDINGS STARTED AT 10:30 A.M.)**

2    **(THE FOLLOWING PROCEEDINGS WERE HELD IN OPEN COURT AND WITH**

3                 **THE DEFENDANT PRESENT.)**

4             THE COURT:  Good morning, all.  This is the matter of

5    United States of America versus Rodney Franks, case number

6    4:13-CR-360 HEA.  This matter is now before the Court on

7    notice of change of plea, and the parties have provided to the

8    Court a document entitled Plea Agreement, which consists of 12

9    pages.  Let the record further reflect that the defendant is

10   now present in open court with counsel, Mr. Peter Cohen, and

11   the Government is present through Mr. Patrick Judge, whom I

12   believe is standing in for Cris Stevens.  Is that correct,

13   Mr. Judge?

14             MR. JUDGE:  That is correct, Judge.

15             THE COURT:  Are the parties ready to proceed?

16             MR. COHEN:  Yes, sir.

17             MR. JUDGE:  Yes, Judge.

18             THE COURT:  Any objection to Mr. Judge standing in

19   for Mr. Stevens, Mr. Cohen?

20             MR. COHEN:  No, Your Honor.

21             THE COURT:  All right.  Will you swear in the

22   defendant.

23             **(DEFENDANT SWORN BY THE CLERK.)**

24             THE COURT:  Would you state your full name for the

25   record please.

3

1        THE DEFENDANT:  Rodney Dewitt Franks.

2        THE COURT:  And, Mr. Franks, did you hear the

3   statement that I just made?

4        THE DEFENDANT:  Yes, sir.

5        THE COURT:  And is that a true and correct reason for

6   why we are here today?

7        THE DEFENDANT:  Yes, sir.

8        THE COURT:  All right.  Do you understand that before

9   I can accept your plea of guilty, there are some questions

10   that I have to ask you to be sure your plea is valid.  So as

11   we go through this proceeding, if I say something and you

12   don't understand me, let me know and I will repeat it or I

13   will rephrase it.  If I say something and you don't hear me,

14   let me know that as well and I will speak louder, and if you

15   need to talk to your lawyer at any time, let me know that,

16   too, and I will give you that opportunity, all right?

17        THE DEFENDANT:  Yes, sir.

18        THE COURT:  Also, keep in mind that you have taken an

19   oath to answer all these questions here today truthfully, and

20   your failure to do that could cause the Government to come

21   back against you with a new indictment for perjury, okay?

22        THE DEFENDANT:  Yes, sir.

23        THE COURT:  Any questions about any of that?

24        THE DEFENDANT:  No, sir.

25        THE COURT:  All right.  How old are you, Mr. Franks?

4

1        THE DEFENDANT:  Twenty-six.

2        THE COURT:  How far in school have you gone?

3        THE DEFENDANT:  Ninth grade.

4        THE COURT:  Okay.  Do you have your GED?

5        THE DEFENDANT:  Yes, sir.

6        THE COURT:  All right.  Very good.  Do you have any

7   difficulty hearing?

8        THE DEFENDANT:  No, sir.

9        THE COURT:  Do you have any difficulty speaking or

10   understanding English?

11        THE DEFENDANT:  No, sir.

12        THE COURT:  Have you taken any kind of medicine

13   before coming to court today that might keep you from

14   understanding what is going on in court today?

15        THE DEFENDANT:  No, sir.

16        THE COURT:  Have you used any alcohol or drugs before

17   coming to court today?

18        THE DEFENDANT:  No, sir.

19        THE COURT:  Have you used any alcohol or drugs in the

20   last 36 hours?

21        THE DEFENDANT:  No, sir.

22        THE COURT:  Have you ever been diagnosed as having or

23   treated for having any type of mental illness or mental

24   disease?

25        THE DEFENDANT:  No, sir.

5

1          THE COURT:  Have you ever taken or used any kind of

2    medication that is typically used for the treatment of mental

3    illness or mental disease?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  What kind of medication?

6          THE DEFENDANT:  Trazodone.

7          THE COURT:  And why are you taking that?

8          THE DEFENDANT:  When I first got locked up as a

9    juvenile.  I can't remember, it's been so long.

10         THE COURT:  Okay.  When is the last time you took any

11   of that?

12         THE DEFENDANT:  2004.

13         THE COURT:  Way back.

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  All right.  How did it make you feel when

16   you were taking it?

17         THE DEFENDANT:  Sleepy.

18         THE COURT:  Do you feel better when you were taking

19   it or without taking it?  It doesn't matter?

20         THE DEFENDANT:  No, it don't matter.

21         THE COURT:  Okay.  How are you feeling today?

22         THE DEFENDANT:  All right.

23         THE COURT:  In your own words, tell me why you have

24   come to court today.

25         THE DEFENDANT:  To plead out to this case, just get

6

1    it out of the way.

2         THE COURT:  Okay.  Do you know of any reason, Mr.

3    Cohen, why the Court should not conclude that your client is

4    competent to proceed?

5         MR. COHEN:  No, Your Honor.

6         THE COURT:  Mr. Judge?

7         MR. JUDGE:  No, Judge.

8         THE COURT:  Let the record reflect then that upon the

9    examination of the defendant and upon inquiry of counsel, the

10   Court concludes that the defendant is competent to proceed at

11   this time.  Now, Mr. Franks, have you had enough time to go

12   over your case with your lawyer?

13        THE DEFENDANT:  Yes, sir.

14        THE COURT:  Are you satisfied with the advice he has

15   given you in the case?

16        THE DEFENDANT:  Yes, sir.

17        THE COURT:  Has he answered all of your questions

18   fully, completely, and to your satisfaction?

19        THE DEFENDANT:  Yes, sir.

20        THE COURT:  Is there anything that you needed to know

21   or wanted to know about your case that you are still confused

22   about?

23        THE DEFENDANT:  No, sir.

24        THE COURT:  Is there anything about your case that

25   you still don't understand?

7

1          THE DEFENDANT:  No, sir.

2          THE COURT:  Were there any witnesses that you wanted

3  him to contact or that he should have contacted but did not

4  contact?

5          THE DEFENDANT:  No, sir.

6          THE COURT:  Was there any investigation that you

7  wanted him to do or that he should have done but he did not

8  do?

9          THE DEFENDANT:  No, sir.

10         THE COURT:  Was there any information that you wanted

11 him to get from the Government regarding your case or that he

12 should have gotten from the Government regarding your case

13 that he didn't get?

14         THE DEFENDANT:  No, sir.

15         THE COURT:  Was there anything at all that you wanted

16 your lawyer to do for you in this case that he has failed to

17 do or refused to do in your behalf?

18         THE DEFENDANT:  No, sir.

19         THE COURT:  Do you have any complaints against him as

20 your attorney?

21         THE DEFENDANT:  No, sir.

22         THE COURT:  Are you fully satisfied with all the work

23 that he has done for you in the case?

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  All right.  And do you understand that

8

1   when you plead guilty today, your case will be over with, and

2   it means you are giving up your right to a trial by jury?

3        THE DEFENDANT:  Yes, sir.

4        THE COURT:  Do you understand that the Constitution

5   and laws of this nation guarantees you the right to have your

6   case decided by a jury of 12 impartial citizens?

7        THE DEFENDANT:  Yes, sir.

8        THE COURT:  And did you talk about all that with your

9   lawyer?

10        THE DEFENDANT:  Yes, sir.

11        THE COURT:  And as a result of that discussion with

12   your lawyer, have you now concluded that, in fact, what you

13   want to do is to give up your right to a trial by jury and

14   plead guilty in this case here today?

15        THE DEFENDANT:  Yes, sir.

16        THE COURT:  All right.  Very well.  Do you understand

17   though, Mr. Franks, that if you did go to trial, you would be

18   presumed innocent, and it would be the obligation of the

19   Government to prove you guilty beyond a reasonable doubt by

20   competent evidence?

21        THE DEFENDANT:  Yes, sir.

22        THE COURT:  Do you understand that you would not be

23   required to present any kind of evidence to prove yourself

24   innocent?

25        THE DEFENDANT:  Yes, sir.

9

1          THE COURT:  Do you also understand that if you were

2   to go to trial in this case, you would have the right to

3   confront any and all witnesses that the Government might have

4   against you?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  And you would, therefore, be able to

7   cross-examine those witnesses as they testified in open court,

8   under oath, and in front of a jury?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  You also understand that you'd be able to

11   then object to any and all evidence that the Government might

12   attempt to introduce against you at the trial?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  And if you wanted to put on some evidence

15   in your own defense, you could, but there is no requirement

16   that you put on anything?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  All right.  You also understand that if

19   you were to go to trial, you would have the right to testify

20   or not testify; it would be your choice?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  And you understand further that if you

23   decided that you did not want to testify in the case, the fact

24   that you did not testify could not be used against you in any

25   way by anyone for any purpose?

1  THE DEFENDANT:  Yes, sir.

2  THE WITNESS:  All right.  And you further understand,

3  Mr. Franks, that when you plead guilty here today, if I accept

4  your plea of guilty, I will enter a judgment finding you

5  guilty beyond a reasonable doubt, and I will impose a sentence

6  on some future date?

7  THE DEFENDANT:  Yes, sir.

8  THE COURT:  And do you understand in that regard that

9  whatever sentence I impose is entirely up to me?

10  THE DEFENDANT:  Yes, sir.

11  THE COURT:  And do you understand that that's true

12  even though you may have an agreement between yourself and the

13  Government on things that relate to sentencing?

14  THE DEFENDANT:  Yes, sir.

15  THE COURT:  All right.  And finally, do you

16  understand that when you plead guilty here today, it means you

17  are giving up your right to not incriminate yourself under the

18  Fifth Amendment of the Constitution because you will have to

19  admit the facts that establish a basis for the crime and admit

20  the crime itself?

21  THE DEFENDANT:  Yes, sir.

22  THE COURT:  Is that what you want to do today?

23  THE DEFENDANT:  Yes, sir.

24  THE COURT:  All right.  Now in relation to those

25  crimes, those charges, that bring you here today, Mr. Franks,

1    have you had the opportunity to review and talk about the

2    indictment with your lawyer?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  And as a result of that review and

5    discussion, are you satisfied that you understand everything

6    in the indictment?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  Do you have any questions about anything

9    in the indictment?

10             THE DEFENDANT:  No, sir.

11             THE COURT:  Are you also aware of the range of

12   punishment that applies to those charges?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  All right.  And did you talk about that

15   with your lawyer as well?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  Any questions about that?

18             THE DEFENDANT:  No, sir.

19             THE COURT:  All right.  For the record, Mr. Judge,

20   what is the range of punishment?

21             MR. JUDGE:  Judge, the range of punishment is

22   imprisonment of not more than ten years, a fine of not more

23   than $250,000, a term of supervised release of not more than

24   three years, a special assessment that must be imposed of

25   $100.  In the event the defendant was to be determined to be a

12

1   armed career criminal, his range of punishment would be

2   pursuant to Title 18, 924(e), and as such, it would be

3   imprisonment of not less than 15 years and not more than life,

4   a fine of not more than $250,000, a term of supervised release

5   of not more than five years, and a special assessment would

6   have to be imposed which would be $100.

7        THE COURT:  Did you hear everything that Mr. Judge

8   just said?

9        THE DEFENDANT:  Yes, sir.

10        THE COURT:  And did any of that come as a surprise to

11   you just now?

12        THE DEFENDANT:  No, sir.

13        THE COURT:  All right.  Very well.  Is anyone forcing

14   you to plead guilty today, Mr. Franks?

15        THE DEFENDANT:  No, sir.

16        THE COURT:  Has anyone threatened you in any manner

17   in order to get you to plead guilty?

18        THE DEFENDANT:  No, sir.

19        THE COURT:  Has anyone promised you anything in

20   exchange for your plea of guilty?

21        THE DEFENDANT:  No, sir.

22        THE COURT:  Has anyone made any threats against any

23   close friends or family members in order to get you to plead

24   guilty today?

25        THE DEFENDANT:  No, sir.

1    THE COURT:  Have any of your friends or family

2    members threatened you or otherwise coerced you to plead

3    guilty today for some reason?

4    THE DEFENDANT:  No, sir.

5    THE COURT:  Are you then pleading guilty voluntarily

6    and of your own free will because that's what you want to do?

7    THE DEFENDANT:  Yes, sir.

8    THE COURT:  All right.  In relation to your plea of

9    guilty, I made a reference to the plea agreement when we

10    started, the document, and the last page of that document

11    shows your name printed out with a signature above that

12    printed name.  Is that your signature?

13    THE DEFENDANT:  Yes, sir.

14    THE COURT:  And before you signed the document, did

15    you review it and talk about it with your lawyer?

16    THE DEFENDANT:  Yes, sir.

17    THE COURT:  And as a result of that discussion, are

18    you satisfied that you understand everything in this document?

19    THE DEFENDANT:  Yes, sir.

20    THE COURT:  Do you have any questions about it?

21    THE DEFENDANT:  No, sir.

22    THE COURT:  All right.  To be sure we all have the

23    same understanding about this document, I'm going to have

24    Mr. Judge tell us what the substance of it is as it relates to

25    the rights and obligations of the parties and then I will have

14

1   some more questions for you, okay?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Mr. Judge.

4          MR. JUDGE:  Judge, in exchange for the defendant's

5   plea of guilty in this case, the Government is agreeing that

6   no further prosecution will be brought in this district

7   relative to the defendant's actions which led to the charges

8   outlined in the indictment for an offense that occurred on

9   August 6, 2013 of which the Government is presently aware.

10  Additionally, Judge, the defendant agrees to forfeit any

11  property that was seized from him during the course of the

12  investigation that led to the charges outlined in the

13  indictment.  The parties do agree that the defendant's base

14  offense level will be determined by Guideline Section 2K2.1A.

15  The exact base offense level is not known at this point

16  because that is affected by criminal history which has not yet

17  been finally determined as well as the characteristics of the

18  firearm.

19          In the event the defendant is an armed career

20  criminal, the guideline section applicable in this case would

21  be Guideline Section 4B1.4, and as such, you know, both

22  parties understand that his guideline section would be

23  dramatically increased -- his range of punishment would be

24  dramatically increased if he was an armed career criminal

25  under Guideline Section 4B1.4, and his criminal history score

15

1   would be as high as a level -- would be a level 6.

2   Additionally, Judge, the parties agree that two levels should

3   be added to the defendant's base offense level pursuant to

4   2K2.1(b)(4)(A) because the firearm was stolen, and the parties

5   do agree that the defendant should get -- or because the

6   defendant's plea of guilty in this case, he has accepted

7   responsibility and should get the appropriate -- and,

8   therefore, is eligible for the appropriate reductions pursuant

9   to Guideline Section 3E1.1.

10          The defendant does agree that he will waive

11  non-sentencing issues as well as sentencing issues.  And with

12  respect to the sentencing issues, he will waive his appeal as

13  long as the Court sentences the defendant within the

14  applicable guideline range or below that guideline range.  The

15  Government would waive its sentencing issue -- its right to

16  appeal sentencing issues if the Court were to sentence the

17  defendant within that range or above that range.  Defendant

18  does give up his habeas corpus rights, his post conviction

19  type appeals, whether that be pursuant to Title 28, U.S.C.

20  2255 or some other type habeas corpus appeal.  The defendant

21  does give up all rights to records including records pursuant

22  to the Freedom of Information Act as well as any other records

23  that may be available to him by right of statute, regulation,

24  or case law.

25          Judge, that in sum and substance is the agreement in

16

1  this case as it relates to the defendant's sentence and the

2  plea bargain that occurred in this case.

3          THE COURT:  Very well.  Did you hear all of that that

4  Mr. Judge just said?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  And did any of that come as a surprise to

7  you?

8          THE DEFENDANT:  No, sir.

9          THE COURT:  And does his statement reflect everything

10  that you understood about the plea agreement?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  All right.

13          MR. COHEN:  Your Honor, the only thing I would add to

14  that is both parties have reserved in the agreement to appeal

15  any criminal history determinations if there is any objection

16  to the criminal history.

17          THE COURT:  All right.

18          MR. COHEN:  I don't know if he said that.

19          MR. JUDGE:  No, I didn't, and that is accurate.

20  Additionally, with respect to his habeas corpus rights, he is

21  waiving that appeal unless he alleges a claim of ineffective

22  assistance of counsel or prosecutorial misconduct.

23          THE COURT:  Very well.  You agree with all that, sir?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  All right.  The Court will then approve

17

1    of the plea agreement as outlined on the record.  Considering

2    all those things, Mr. Franks, has anybody given you any

3    prediction or promise as to exactly what your sentence is

4    going to be from me?

5              THE DEFENDANT:  No, sir.

6              THE COURT:  And again, you understand whatever it is,

7    it is entirely up to me?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  And knowing that, do you still want to go

10   forward with your plea?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  All right.  Tell us, Mr. Judge, if you

13   would please, what the evidence would have been if the matter

14   had gone to trial that would establish a factual basis for the

15   charge, the relevant conduct of the defendant, and a basis

16   upon which one might conclude defendant guilty beyond a

17   reasonable doubt?

18             MR. JUDGE:  Judge, on August 6, 2013 in the city of

19   St. Louis within the Eastern District of Missouri, the

20   defendant having been convicted previously of a felony crime

21   punishable by a term of imprisonment exceeding one year

22   knowingly possessed a firearm which travelled in interstate or

23   foreign commerce during or prior to being in the defendant's

24   possession.

25             On August 6, 2013, a reliable confidential source

1  provided information to Detective Craig Sayer and Jon Long of

2  the St. Louis Metropolitan Police Department.  According to

3  the source, defendant and his associates were arming

4  themselves to retaliate for a shooting that occurred earlier

5  that day.  The source stated that defendant was driving a

6  green Pontiac G6 in the 5400 block of Genevieve and provided

7  an accurate physical description of the defendant.  The

8  detectives responded to the 5400 block of Genevieve in

9  St. Louis City within the Eastern District of Missouri.  There

10  they were observed -- there the officers, the detectives,

11  observed defendant seated in a green Pontiac G6.  When the

12  defendant drove away, the detectives followed.  The detectives

13  followed the defendant until they observed him commit a

14  traffic violation on Interstate 70.

15          The detectives curbed the green Pontiac in the 4600

16  block of Goodfellow in the city of St. Louis within the

17  Eastern District of Missouri.  The detectives asked defendant

18  to exit the green Pontiac and the defendant did so.  When the

19  defendant exited the vehicle, the detectives observed in plain

20  view a handgun on the driver's seat.  The handgun was

21  identified as a Glock .40 caliber semiautomatic pistol loaded

22  with 14 rounds in the magazine and one round in the chamber.

23  Defendant spontaneously stated he would rather be caught with

24  a gun than without one.  The detectives advised the defendant

25  of his Miranda rights, and the defendant waived his rights.

19

1   The defendant admitted that there had been numerous shootings

2   in the area of which he and his associates had been targets,

3   and he was not going to let anyone shoot him on the street in

4   his neighborhood.

5          The pistol was submitted to the St. Louis

6   Metropolitan Police Department for analysis, and an expert

7   firearms examiner determined that the Glock .40 caliber

8   semiautomatic pistol was manufactured in Austria, and,

9   therefore, it was transported across state lines and in

10   interstate and foreign commerce.  The pistol was test fired

11   and functioned as a firearm and is, in fact, a firearm under

12   federal law.

13          A review of the defendant's criminal history revealed

14   that he previously was convicted of assault of a law

15   enforcement officer, two counts, armed criminal action, six

16   counts, assault first degree, three counts, and robbery first

17   degree in 2004.  Each of the defendant's prior convictions is

18   a felony crime punishable by a term of imprisonment exceeding

19   one year.  Defendant and the Government agree that the facts

20   set forth above are true and may be considered relevant

21   conduct pursuant to Guideline Section 1B1.3.

22          THE COURT:  Did you hear all those facts as stated by

23   Mr. Judge?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  And are all those facts true and correct?

20

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  All right.  Do you then agree and admit

3   that you've been previously convicted of a crime punishable by

4   imprisonment for a term exceeding one year?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Do you also agree and admit that

7   thereafter, you knowingly possessed a firearm?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  And do you finally agree and admit that

10  that firearm had been transported across a state line at some

11  time during or before your possession of it?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  How do you plead to the charge?

14         THE DEFENDANT:  Guilty.

15         THE COURT:  Do you know of any reason, legal or

16  otherwise, Mr. Cohen, why the Court should not accept your

17  client's plea of guilty?

18         MR. COHEN:  No, Your Honor.

19         THE COURT:  Mr. Judge?

20         MR. JUDGE:  No, Judge.

21         THE COURT:  Let the record then reflect that the

22  Court will enter its order and findings that the defendant is

23  entering his plea of guilty knowingly, voluntarily, and of his

24  own free will with full understanding of the nature and

25  consequences of his plea, and furthermore, that he is

21

1   knowingly and voluntarily waiving his right to a trial by jury

2   and all rights incident thereto, further finding that the

3   defendant is fully cognizant of the range of punishment

4   applicable to the charge.  The Court accepts the defendant's

5   plea of guilty and enters its judgment finding the defendant

6   guilty beyond a reasonable doubt.  A presentence investigation

7   report will be ordered, and sentencing will be set for

8   March 10th at 10:45 a.m.

9         MR. COHEN:  Thank you, Your Honor.

10        THE COURT:  Thank you, Mr. Cohen.

11        MR. JUDGE:  Thank you, Judge.

12        THE COURT:  Thank you, Mr. Judge.  We will see you

13   back on March the 10th, Mr. Franks, all right?

14        **(PROCEEDINGS CONCLUDED AT 10:47 A.M.)**

15

16

17

18

19

20

21

22

23

24

25

22

<u>CERTIFICATE</u>

1

2

3      I, Angela K. Daley, Registered Merit Reporter and

4  Certified Realtime Reporter, hereby certify that I am a duly

5  appointed Official Court Reporter of the United States

6  District Court for the Eastern District of Missouri.

7      I further certify that the foregoing is a true and

8  accurate transcript of the proceedings held in the

9  above-entitled case and that said transcript is a true and

10  correct transcription of my stenographic notes.

11      I further certify that this transcript contains

12  pages 1 through 21 inclusive and that this reporter takes no

13  responsibility for missing or damaged pages of this transcript

14  when same transcript is copied by any party other than this

15  reporter.

16      Dated at St. Louis, Missouri, this 24th day of March,

17  2015.

18

19

20      _____

         /S/Angela K. Daley
21      Angela K. Daley, CSR, RMR, FCRR, CRR
         Official Court Reporter
22

23

24

25